v. *United States*, 319 U. S. 41; *United States* v. *Galante*, 298 F. 2d 72; *McCarthy* v. *Wayne Circuit Judge*, 294 Mich. 368.) Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur.

■ In the Matter of JOSEPH S. CALABRO, Respondent, v. TOWN BOARD OF TOWN OF GUILDERLAND et al., Respondents, and MOBIL OIL CORPORATION, Intervenor-Appellant.— Appeal dismissed, without costs. (See CPLR 5701, subd. [b], par. 1.) Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur.

■ In the Matter of JOSEPH S. CALABRO, Petitioner, v. TOWN BOARD OF TOWN OF GUILDERLAND et al., Respondents, and MOBIL OIL CORPORATION, Intervenor-Respondent.— Motion dismissed, without costs, and proceeding remitted to Special Term for disposition of all questions presented for determination (Town Law, § 267, subd. 7). Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur.

■ In the Matter of the Guardianship of PATRICIA A. LA FOUNTAIN et al., Respondents. THEODORE LA FOUNTAIN, Appellant. In the Matter of the Guardianship of JOANN L. LA FOUNTAIN et al., Respondents. THEODORE LA FOUNTAIN, Appellant.— Motion for preliminary injunction granted, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Cooke, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT SAWYER, Petitioner, v. CLAUDE VAN WIE, as Sheriff of Schoharie County, et al., Respondents.— Applications, for writ of habeas corpus and writ of certiorari, denied, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur.

## (January 13, 1969)

■ In the Matter of CORAL INN, INC., Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— *Per Curiam.* Appeal from a decision of the Unemployment Insurance Appeal Board which sustained an assessment of additional contributions for the period January 1, 1960–December 31, 1963. The appellant, the operator of a restaurant, upon booking music for the entertainment of its patrons, in each instance executed the familiar Form B contract, prepared by the musicians' union, which designated appellant, the purchaser of the music, as the employer of the musicians and provided that such employer "shall at all times have complete control over the services of employees under this contract." Appellant resisted the assessments and predicates this appeal upon its contention that the Form B contract is fictional, at least insofar as it assumes to fix the employment status of the musicians; but we cannot, upon this record, disturb the board's determination that: "The proof submitted indicates that the employer not only had the contractual right of control but did in fact exercise control." (*Matter of Basin St. [Lubin]*, 6 N Y 2d 276; *Matter of Slovack [Les & Larry Elgart Orchestra-Catherwood]*, 28 A D 2d 1185; *Matter of Geuvara [Hotel Syracuse-Catherwood]*, 17 A D 2d 876; *Matter of Restani [Catherwood]*, 11 A D 2d 612.) Decision affirmed, with costs to respondent. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum *Per Curiam.*

■ FLORINE M. SEDGWICK, an Infant, by ANGELINE L. SEDGWICK, Her Guardian ad Litem, et al., Respondents, v. J. D. MARONEY, INC., et al., Appellants.— REYNOLDS, J. Appeal from an order of the Supreme Court, Rensselaer County, setting aside a jury verdict of no cause of action and directing a new trial as to respondent Florine M. Sedgwick. Florine Sedgwick, a minor, was injured when on October 7, 1960 her father's automobile, in which she